CONVEYOR AND EQUIPMENT COMPANY, INCORPORATED, APPELLANT, v. ALEX SHAPIRO, RESPONDENT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Feder & Rinzler.*

For the respondent, *David S. Herman.*

PER CURIAM.

The Conveyor and Equipment Company, Incorporated, the plaintiff below, brought suit against Shapiro, the defendant, to recover moneys claimed to be due it from him on a book account. This account embraced among others certain items amounting to $36.43, which the defendant admitted was due and owing by him to the plaintiff. It further embraced an item of $1,050 for a "conveyor," which is an apparatus intended to screen sand and gravel. The defendant admitted the purchase of this conveyor but set up as a defense that the plaintiff had expressly agreed that it would do the work for which it was purchased—that is, would properly screen sand and gravel—whereas in fact it failed entirely to accomplish this work. Judge Newman, before whom the case was tried, charged the jury that by the defendant's own admission the plaintiff was entitled to recover at least $36.43, and that they must render a verdict for that amount in the plaintiff's favor even if they should conclude that the rest of the plaintiff's claim was without merit under the testimony submitted to it. The jury rendered a verdict against the plaintiff of no cause of action, and the latter has appealed from the judgment entered on this verdict, the sole ground of reversal argued before us being that under the evidence adduced and according to the charge of the court to the jury, the defendant having admitted at the trial his indebtedness to the plaintiff in the sum of $36.43, the plaintiff was entitled to judgment for that amount in any event.

That this verdict cannot be justified goes without saying; but that fact does not afford a basis for the review of the judgment entered thereon. The fact that a verdict is in disregard of the uncontradicted evidence in the case or that it is contrary to the charge of the court are not available on error as grounds of reversal of the judgment entered on such verdict, a review of the erroneous action of the jury in the respects indicated being, by a rule to show cause why the verdict should not be set aside, granted by the trial court upon the application of the party injured by the erroneous verdict. *Churchill* v. *Stephens,* 91 *N. J. L.* 195; *Davis* v. *Tallon,* 91 *Id.* 618.

For the reasons indicated the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.